IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD KINDLE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KINKAID REEDS CONSERVATION DISTRICT & SCOTT WILMOUTH,<br><br>　　　　　　　　Defendants. | Case No. 24-CV-02703-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by Plaintiff Edward Kindle. (Doc. 4). The *pro se* Complaint names Kinkaid Reeds Conservation District and Scott Wilmouth (the superintendent of the district) as defendants in this action. (Doc. 3). Kindle now seeks to proceed in this Court without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, the Court is satisfied from Kindle's affidavit that he is indigent. (Doc. 4). Kindle asserts that he is unemployed and has no monthly wages. (*Id.*). Kindle indicates that he receives monthly social security disability payments in the amount of $1,601, but he has monthly housing, utility, and medical costs totaling roughly $1,200. (*Id.*). In terms of assets, Kindle claims to have $312 in savings and to own real estate worth $3,000. (*Id.*). Based on this financial information, the Court finds that Kindle is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under § 1915(e)(2), the Court must also screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422-23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Here, Kindle initiated this action for infringement of his Fifth and Fourteenth Amendment rights. (Doc. 2, p. 1). His sole allegation is that in 2009, the Circuit Court of Jackson County granted the Kinkaid Reeds Conservation District a prescriptive easement via adverse possession over an unnamed piece of property. (*Id.*, p. 5). Kindle alleges that each defendant personally participated in causing his injuries and that an official policy or custom of each defendant's government agency violated his rights. (*Id.*, pp. 1-3). As relief, Kindle seeks compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $6,000,000. (*Id.*, p. 6).

Under 42 U.S.C. § 1983, a plaintiff may bring an action against a person acting under color of state law who has deprived him of a federal constitutional right. *See* 42 U.S.C. § 1983. Municipalities and local governing bodies can be sued directly as persons under § 1983 for monetary, declaratory, or injunctive relief. *Monell v. Dep't of Social Serv's*, 436 U.S. 658, 690 (1978). "[A] civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991).

Generally, individual-capacity suits seek to impose personal liability upon a government official for actions taken under color of state law, whereas official-capacity suits represent another way of pleading an action against an entity of which the defendant is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Given that the government entity receives notice and an opportunity to respond, "an official-capacity

suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. To establish liability in an official-capacity suit under § 1983, the plaintiff must show that the action performed under color of state law is linked to the entity's policy or custom. *Hill*, 924 F.2d at 1372. In an individual-capacity suit, the plaintiff must establish that the individual is personally responsible for the constitutional deprivation. *Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015).

Taking each alleged constitutional deprivation in turn, the Court can discern no basis for a cause of action. As to a Fifth Amendment violation, the Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend V. This clause is incorporated to the States through the Fourteenth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). To state a claim under § 1983 for a violation of Fifth Amendment rights within the Takings Clause, a plaintiff must allege that a state or government actor deprived him of a protected property interest without just compensation. *Knick v. Township of Scott, Pa.*, 588 U.S. 180, 185 (2019). A direct government appropriation or physical invasion of private property is "[t]he paradigmatic taking requiring just compensation." *Lingle*, 544 U.S. at 537. Kindle fails to allege how the granting of the prescriptive easement by the district court deprived him of a protected property interest. Next, liberally construing the Complaint, the Court assumes that Kindle attempts to raise a claim of violation of due process under the Fourteenth Amendment. But even if the Court so assumes, the Complaint does not contain enough factual detail to determine whether Defendants could be liable for any deprivation of his constitutional rights related to the granting of the easement.

Simply put, the factual detail provided does not state a claim for any constitutional violation. The Court needs more information. For example, what particular actions did each defendant take to personally deprive Kindle of a constitutional right, under which City ordinances or regulations did the defendants operate to infringe upon Kindle's rights, or how did they deny him a proper opportunity to be heard or seek redress at the local or state level.

Because Kindle has failed to state a claim with the requisite particularity, the Court **DISMISSES** the Complaint (Doc. 3) without prejudice. Kindle shall have until February 24, 2025, to file an amended complaint that properly states a claim for relief. Until then, the Court **RESERVES RULING** on Kindle's Motion for Leave to Proceed *in forma pauperis* (Doc. 4). Failure to file an amended complaint within the time permitted will result in the dismissal of this action.

**IT IS SO ORDERED.**

**DATED: January 23, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
